## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TEKISHA ROUSSEAUX CASTELLANOS,

      Plaintiff,

v.                                   No. 1:25-cv-00910-KK

MANZANO MESA LIMITED PARTNERSHIP,
GUARDIAN MANAGEMENT, LLC,
BERNALILLO COUNTY HOUSING DEPARTMENT and
DOES 1-10,

      Defendants.

### ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER FOR AMENDED COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Federal Complaint, Doc. 1, filed September 19, 2025 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed September 19, 2025.

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $3,467.00; (ii) Plaintiff's monthly expenses total $4,236.00; (iii) Plaintiff has $0.00 in cash and $214.00 in bank accounts; and (iv) Plaintiff's minor grandson relies on Plaintiff for support. The Court finds that Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of these proceedings and her total monthly expenses exceed her monthly income.

**Order for Amended Complaint**

Plaintiff alleges she has disabilities and is a tenant of Manzano Mesa Apartments which is: (i) owned by Defendant Manzano Mesa Limited Partnership; and (ii) is managed by Defendant Guardian Management, LLC. *See* Complaint at 1. Plaintiff alleges Defendant Bernalillo County Housing Department "is responsible for ensuring that federally subsidized housing complies with the Fair Housing Act, Section 504 of the Rehabilitation Act, and the Americans with Disabilities Act." Complaint at 4. Plaintiff asserts discrimination claims pursuant to the Fair Housing Act, the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act based on Defendants exposing Plaintiff and her household to unsafe housing conditions. *See* Complaint at 4. Plaintiff also asserts civil rights claims pursuant to 42 U.S.C. § 1983 stating "[b]y colluding

2

with government actors and utilities, Defendants deprived Plaintiff of constitutional rights, including due process, equal protection, and privacy." Complaint at 4. Finally, Plaintiff asserts state law claims for breach of warranty of habitability, negligence and infliction of emotional distress. *See* Complaint at 4.

The Complaint fails to state discrimination claims pursuant to the Fair Housing Act. The Fair Housing Act makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of. . . that person . . ."24 U.S.C. § 3604(f)(2)(A). "[W]ith regard to housing discrimination, a plaintiff need not prove the malice or discriminatory animus of a defendant to make out a case of intentional discrimination where the defendant expressly treats someone protected by the [Fair Housing Act] in a different manner than others." *Bangerter v. Orem City Corp.*, 46 F.3d 1491, 1501 (10th Cir. 1995); *Cinnamon Hills Youth Crisis Center, Inc. v. Saint George City*, 685 F.3d 917, 923 (10th Cir. 2012) (the Fair Housing Act "requires accommodations that are necessary (or indispensable or essential) to achieving the objective of equal housing opportunities between those with disabilities and those without"). There are no allegations showing that Defendants, in providing housing and services to Plaintiff, treated Plaintiff in a manner different from the other non-disabled tenants.

The Complaint fails to state discrimination claims pursuant to the ADA and the Rehabilitation Act. The ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "To have a viable claim, a plaintiff must prove:"

(1) that he or she is a qualified individual with a disability;

3

(2) that he or she was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and

(3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*J.V. v. Albuquerque Public Schools*, 813 F.3d 1289, 1295 (10th Cir. 2016). The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall solely by reason of her or his disability be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . ." 29 U.S.C. § 794(a). "[T]he same substantive standards apply under the Rehabilitation Act and the ADA." *Edmonds-Radford v. Southwest Airlines Co.*, 17 F.4th 975, 986 (10th Cir. 2021). There are no allegations that Defendants discriminated against Plaintiff by exposing her to unsafe housing conditions because of her disability.

The Complaint fails to state a claim pursuant to 42 U.S.C. § 1983. "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016). Plaintiff's conclusory allegation that Defendants deprived Plaintiff of her rights to due process, equal protection and privacy is not sufficient to state a claim without supporting factual allegations. "[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff's conclusory allegation that Defendants "colluded with government actors" is also not sufficient to state a claim. "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." *Brooks v. Gaenzle*, 614 F.3d 1213, 1227-28 (10th Cir. 2010). "To state a Section

1983 conspiracy claim, a plaintiff has to allege "specific facts showing an agreement [upon a common, unconstitutional goal], and concerted action [taken to advance that goal") among defendants." *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022).

It also appears that the Complaint fails to state a claim against the Bernalillo County Housing Department. "Generally, governmental sub-units are not separate suable entities that may be sued under § 1983." *Hinton v. Dennis*, 362 Fed.Appx. 904, 907 (10th Cir. 2010) (*citing Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) (holding that City and County of Denver would remain as a defendant and dismissing complaint as to the City of Denver Police Department because it is not a separate suable entity). There are no allegations showing that the Bernalillo County Housing Department is a suable entity separate from Bernalillo County.

It appears Plaintiff's federal law claims should be dismissed for failure to state a claim. Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." to 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend") (quoting *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir.1999)). Because it is not obvious that it would be futile to give Plaintiff an opportunity to amend, the Court orders Plaintiff to file an amended complaint.

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to Section 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in*

*forma pauperis*].” 28 U.S.C. § 1915(d).  The Court will not order service of a summons and the Complaint on Defendants at this time because the Court is ordering Plaintiff to file an amended complaint.  The Court will address service after Plaintiff files an amended complaint.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys.  It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the “Local Rules”).

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022).  The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website:  http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case.  *See* Fed. R. Civ. P. 41(b) (“If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action”); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) (“Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.”) (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) (“*Pro se* status

does not excuse the obligation of any litigant to comply with the fundamental requirements of the

Federal Rules of Civil and Appellate Procedure.").  Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to

sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)    Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed September 19, 2025, is **GRANTED.**

(ii)    Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**