**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TEKISHA ROUSSEAUX CASTELLANOS,

       Plaintiff,

v.                                   No. 1:25-cv-00910-KG-KK

MANZANO MESA LIMITED PARTNERSHIP,
GSL PROPERTIES, INC.,
MISSION ROCK RESIDENTIAL, LLC,
GUARDIAN MANAGEMENT, LLC, and
BERNALILLO COUNTY,

       Defendants.

**ORDER STRIKING SECOND AMENDED COMPLAINT,**
**ORDER DISMISSING CLAIMS,**
**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**
**AND ORDER REGARDING SERVICE**

*Pro se* Plaintiff, who is disabled, is a tenant of Manzano Mesa Apartments which is: (i) owned by Defendant Manzano Mesa Limited Partnership; and (ii) is managed by Defendant Guardian Management, LLC. *See* Federal Complaint, Doc. 1, filed September 19, 2025 ("Complaint"). Plaintiff asserted discrimination claims pursuant to the Fair Housing Act, the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act based on Defendants exposing Plaintiff and her household to unsafe housing conditions. *See* Complaint at 4. Plaintiff also asserted civil rights claims pursuant to 42 U.S.C. § 1983 stating "[b]y colluding with government actors and utilities, Defendants deprived Plaintiff of constitutional rights, including due process, equal protection, and privacy." Complaint at 4. Finally, Plaintiff asserted state law claims for breach of warranty of habitability, negligence and infliction of emotional distress. *See* Complaint at 4.

United States Magistrate Judge Kirtan Khalsa notified Plaintiff of some deficiencies in the Complaint and ordered Plaintiff to file an amended complaint. *See* Order for Amended Complaint, Doc. 5, filed October 8, 2025. Plaintiff filed her Amended Complaint on October 23, 2025. *See* Doc. 6.

Plaintiff subsequently filed a Second Amended Complaint. *See* Amended Complaint and Supplemental Notice of Hazardous Conditions, Doc. 28, filed March 25, 2026 ("Second Amended Complaint").

**Order Striking Second Amended Complaint**

The Second Amended Complaint, which is less than two pages, contains 11 short paragraphs. Plaintiff states the "Court has jurisdiction under federal law including the Fair Housing Act and related statutes," but does not identify the provision of the Fair Housing Act or the related statutes under which her claims arise. *See Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law") (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)). Plaintiff did not sign the Second Amended Complaint and the title of the Second Amended Complaint does not name all the parties as required by Federal Rules of Civil Procedure 10(a) and 11(a). *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record ... or by a party personally if the party is unrepresented ... The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention"); Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

Furthermore, the Second Amended Complaint should be dismissed for failure to state a claim because it does not explain what each Defendant did to Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated") (emphasis added).  The allegations in the Second Amended Complaint describe abnormal heat conditions, electrical system defects, an unpermitted water heater relocation, airborne particulate contamination and Plaintiff's "medical risk."  Second Amended Complaint at 1.  The only allegation regarding Defendants' actions states: "Defendants have acknowledged complaints but failed to adequately investigate or remediate the hazardous conditions."  Second Amended Complaint.

The Court strikes Plaintiff's Second Amended Complaint for failing to comply with Federal Rules of Civil Procedure 10(a) and 11(a) and proceeds with Plaintiff's Amended Complaint.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Order Dismissing Claims**

The Amended Complaint asserts four claims: (i) Fair Housing Act violations for discrimination and retaliation; (ii) Americans with Disabilities Act Violation; (iii) Rehabilitation

Act of 1973 Violation; and (iv) Civil Rights Violation pursuant to 42 U.S.C. § 1983. *See* Amended Complaint at 19, 21-23.

It appears some of Plaintiff's federal law claims should be dismissed for failure to state a claim. Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which states "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." to 28 U.S.C. § 1915(e)(2).

Fair Housing Act Claims

Plaintiff asserts discrimination and retaliation claims pursuant to the Fair Housing Act against Defendants Bernalillo County, Manzano Mesa Limited Partnership and Guardian Management LLC. *See* Amended Complaint at 19-20.

The Fair Housing Act makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of . . . that person; or [] any person associated with that buyer or renter." 24 U.S.C. § 3604(f)(2)(A) and (C). "[W]ith regard to housing discrimination, a plaintiff need not prove the malice or discriminatory animus of a defendant to make out a case of intentional discrimination where the defendant expressly treats someone protected by the [Fair Housing Act] in a different manner than others." *Bangerter v. Orem City Corp.*, 46 F.3d 1491, 1501 (10th Cir. 1995); *Cinnamon Hills Youth Crisis Center, Inc. v. Saint George City*, 685 F.3d 917, 923 (10th Cir. 2012) (the Fair Housing Act "requires accommodations that are necessary (or indispensable or essential) to achieving the objective of equal housing opportunities between those with disabilities and those without"). The Fair Housing Act also makes it unlawful to retaliate against a person for exercising their rights under the Fair Housing Act. *See* 42 U.S.C. § 3617 ("It shall be unlawful to coerce, intimidate, threaten, or

4

interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title").

Liberally construed, it appears the Amended Complaint may state discrimination and retaliation claims pursuant to the Fair Housing Act against Defendants Manzano Mesa Limited Partnership and Guardian Management LLC. The Court denies Plaintiff's claims pursuant to the Fair Housing Act against Defendant Bernalillo County without prejudice because, as discussed below, there are no allegations showing that Bernalillo County or its employees discriminated or retaliated against Plaintiff.

Americans with Disabilities Act Claims

Plaintiff alleges Defendants Bernalillo County, Manzano Mesa Limited Partnership and Guardian Management LLC violated Title II and/or Title III of the ADA by failing and refusing to make reasonable accommodations that would allow equal access to the dwelling for Plaintiff, who is disabled and her daughter and grandson who are also disabled. *See* Amended Complaint at 3, 21.

The Amended Complaint fails to state claims pursuant to Title III of ADA. Title III of the ADA states: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). "At least one federal circuit and several federal district courts have observed that residential facilities do not qualify as "public accommodations" for purposes of the ADA." *Collins v. PRG Real Estate*, 2018 WL 2166214, *2 (6th Cir.) (citing *Regents of Mercersburg Coll. v. Republic Franklin Ins. Co.*, 458 F.3d 159, 165

5

n.8 (3d Cir. 2006); *Sutton v. Freedom Square Ltd.*, No. 07–14897, 2008 WL 4601372, at \*6–7 (E.D. Mich. Oct. 15, 2008) (collecting district court cases); *Coe v. Cross-Lines Retirement Center, Inc.*, 645 F.Supp.3d 1126, 1130 (D. Kansas 2022) ("[f]acially, the [ADA] does not include a private residence, such as a residential home or apartment." Instead, the ADA regulates 'public accommodations' to ensure accessibility for disabled persons. Relevant to this case, a public accommodation must affect commerce and be 'a day care center, senior citizen center, homeless shelter, food bank, adoption agency, or other social service center establishment") (quoting *Phibbs v. Am. Prop. Mgmt.*, 2008 WL 746977, at \*3 (D. Utah 2008)).

The Court dismisses Plaintiff's claims pursuant to Title III of the ADA without prejudice. The Court dismisses Plaintiff's claims pursuant to the ADA against Defendant Bernalillo County without prejudice because, as discussed below, there are no allegations showing that Bernalillo County or its employees discriminated against Plaintiff. *See* 42 U.S.C. § 12132 (Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity").

Rehabilitation Act Claims

Plaintiff asserts claims for violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794, against Defendants Bernalillo County, Manzano Mesa Limited Partnership and Guardian Management LLC. *See* Amended Complaint at 22-23.

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall *solely by reason of her or his disability* be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . ." 29 U.S.C. § 794(a) (emphasis added). There

are no allegations that Defendants discriminated against Plaintiff by exposing her to unsafe housing conditions because of her disability.

The Court dismisses Plaintiff's claims pursuant to the Rehabilitation Act, 29 U.S.C. § 794, without prejudice.

42 U.S.C. § 1983 Claims

Plaintiff asserts a claim against Defendant Bernalillo County pursuant to 42 U.S.C. § 1983 stating:

79.    Defendant Bernalillo County, acting under color of state law through its housing officials, inspectors, and contractors, deprived Plaintiff of constitutional rights, including due process and equal protection of the law.

80.    The County's failure to train, supervise, and discipline employees responsible for inspections and housing enforcement constitutes deliberate indifference to tenants' rights.

81.    The wrongful acts described herein were committed pursuant to official policies or customs that directly caused Plaintiff's injuries.

Amended Complaint at 23-24.

"To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes County*, 595 Fed.Appx. 748, 753-754 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir.1998) and *Monell v. Dep't of Soc.* *754 Servs.,* 436 U.S. 658, 694 (1978)). "A 'single isolated incident' does not prove the existence of an unconstitutional policy or custom." *Id.* (citing *City of Okla. City v. Tuttle,* 471 U.S. 808, 821, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)).

The Amended Complaint fails to state a claim under 42 U.S.C. § 1983 against Defendant Bernalillo County.    The only factual allegations regarding Defendant Bernalillo County are

7

(i) "Defendant Bernalillo County failed to enforce housing-quality-standards inspections;" (ii) "Plaintiff repeatedly reported these excessive charges to management and Defendant Bernalillo County, explaining that faulty wiring and the unpermitted water-heater installation were likely responsible, but no inspection or corrective action followed; (iii) "Despite repeated complaints to both property management and Defendant Bernalillo County, no corrective action or independent inspection occurred;" and (iv) "Defendant Bernalillo County accepted these maintenance entries as proof of compliance without conducting independent verification." Amended Complaint, ¶¶ 9, 15, 23, 27.  There are no allegations showing that Bernalillo County employees deprived Plaintiff of a federally protected right.  *See Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016) ("The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law").  Plaintiff's conclusory allegation that the wrongful acts "were committed pursuant to official policies or customs" is not sufficient to state a claim without supporting factual allegations.  *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("Conclusory allegations are not entitled to the assumption of truth.  In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim") (citations and quotation marks omitted).

The Court denies Plaintiff's against Defendant Bernalillo County pursuant to 42 U.S.C. § 1983 without prejudice.

Defendants GSL Properties, Inc. and Mission Rock Residential, LLC

The caption of the Amended Complaint list GSL Properties, Inc. and Mission Rock Residential, LLC as defendants.  *See* Amended Complaint at 1.  The only allegations in the Amended Complaint regarding Defendant GSL Properties, Inc. state: (i) Water temperature "fluctuations were minor upon moving into the unit but worsened after Defendants GSL, Manzano

Mesa Limited Partnership and Guardian Management LLC performed repeated 'repairs;'" (ii) "when Plaintiff reported that a stove heating element malfunctioned, Defendants GSL and or Manzano Mesa Limited Partnership and Guardian Management LLC delayed repairs for a few months;" and (iii) GSL "acknowledged the condition [of dust accumulation throughout the apartment] and stated that the ducts would be cleaned; however, only a limited air-duct service was performed, and the dust continues to emerge from walls and ceilings." Amended Complaint ¶¶ 31, 37, 49. The only allegation in the Amended Complaint regarding Mission Rock Residential, LLC states Mission Rock Residential, LLC "acknowledged the condition [of dust accumulation throughout the apartment] and stated that the ducts would be cleaned; however, only a limited air-duct service was performed, and the dust continues to emerge from walls and ceilings." Amended Complaint ¶ 49. None of the four claims in the Amended Complaint are asserted against Defendants GSL Properties, Inc. or Mission Rock Residential, LLC.

**Order Denying Motion for Temporary Restraining Order**

Plaintiff seeks a temporary restraining order and preliminary injunction "to stop ongoing retaliation, prevent unauthorized or unsafe entries into Plaintiff's home, and compel Defendants to correct dangerous habitability and life-safety hazards that Plaintiff and her medically vulnerable family at extreme and imminent risk of harm." Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction at 1-2, Doc. 9, filed November 25, 2025. Rule 65(b) provides:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

**(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  The Court denies Plaintiff's Motion for a temporary restraining order because Plaintiff has not certified in writing any efforts made to give notice to Defendants or the reasons why notice should not be required.

> Rule 65(a)(1) provides that "[n]o preliminary injunction shall be issued without notice to the adverse party." The Rule's notice requirement necessarily requires that the party opposing the preliminary injunction has the opportunity to be heard and to present evidence. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, Local No. 70,* 415 U.S. 423, 434 n. 7, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974) ("The notice required by Rule 65(a) before a preliminary injunction can issue implies a hearing in which the [opposing party] is given a fair opportunity to oppose the application and to prepare for such opposition."); *Commerce Park at DFW Freeport v. Mardian Constr. Co.,* 729 F.2d 334, 341 (5th Cir.1984) (explaining that Rule 65(a) mandates that where factual disputes are presented, "the parties must be given a fair opportunity and a meaningful hearing to present their differing versions of those facts before a preliminary injunction may be granted").

*Harris County, Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 325-26 (10th Cir. 1999).  The Court denies Plaintiff's Motion for a preliminary injunction without prejudice because the Motion does not show that Defendants Manzano Mesa Limited Partnership and Guardian Management LLC have received notice of Plaintiff's Motion.  Plaintiff may file a second motion for a preliminary injunction after Defendants Manzano Mesa Limited Partnership and Guardian Management LLC appear in this case and have an opportunity to be heard.

**Order Regarding Service**

Plaintiff asks the Court to enter an order directing the United States Marshal to effect service.  *See* Plaintiff's Motion Requesting Status of Service and for Order Directing U.S. Marshal to Effect Service, Doc. 25, filed February 3, 2026.

Plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.  *See* Order Granting Application to Proceed *In Forma Pauperis*, Doc. 5, filed October 8, 2025.  Rule 4 of the

Federal Rules of Civil Procedure states the Court must order that "service be made by a United States marshal or deputy marshal or by a person specially appointed by the court" "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915." Fed. R. Civ. P. 4(c)(3).

The Court orders the Clerk of the Court to provide a copy of this Order, summonses and a copy of the Amended Complaint, Doc. 6, filed October 23, 2025, to the United States Marshals Service for service on Defendants Manzano Mesa Limited Partnership and Guardian Management LLC at the addresses provided in Plaintiff's Notice.  *See* Notice of Service Addresses for Defendants, Doc. 19, filed December 23, 2025; Fed. R. Civ. 4(h) (serving corporations).

**IT IS ORDERED** that:

(i)    The Court **STRIKES** Plaintiff's [Second] Amended Complaint and Supplemental Notie of Hazardous Conditions, Doc. 28, filed March 25, 2026

(ii)   The following claims are **DISMISSED without prejudice**:

(a) Plaintiff's claims against Defendants Bernalillo County, Manzano Mesa Limited Partnership and Guardian Management LLC pursuant to Title III the Americans with Disabilities Act;

(b) Plaintiff's claims against Defendant Bernalillo County pursuant to Title II of the ADA;

(c) Plaintiff's claims against Defendants Bernalillo County, Manzano Mesa Limited Partnership and Guardian Management LLC pursuant to the Rehabilitation Act of 1973, 29 U.S.C. § 794; and

(d) Plaintiff claims against Defendant Bernalillo County pursuant to 42 U.S.C. § 1983.  Plaintiff may seek to file a third amended complaint pursuant to

11

Rule 15 of the Federal Rules of Civil Procedure after Defendants Manzano Mesa Limited Partnership and Guardian Management LLC appear in this case.

(iii)    Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 9, filed November 25, 2025, is **DENIED.**

(iv)    Plaintiff's Motion Requesting Status of Service and for Order Directing U.S. Marshal to Effect Service, Doc. 25, filed February 3, 2026, is **GRANTED.**

(v)    The Clerk of the Court shall provide a copy of this Order, summonses for Defendants Manzano Mesa Limited Partnership and Guardian Management LLC and a copy of the Amended Complaint, Doc. 6, filed October 23, 2025, to the United States Marshals Service.  The United States Marshals Service shall serve a copy of this Order, a summons and a copy of the Amended Complaint on:

Manzano Mesa Investors, LLC
Registered Agent: CT Corporation System
206 S. Coronado Ave.
Espanola, NM 87532

Guardian Management, LLC
Registered Agent: CT Corporation System
206 S. Coronado Ave.
Espanola, NM 87532

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.