**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TEKISHA ROUSSEAUX CASTELLANOS,

Plaintiff,

v. No. 1:25-cv-00910-KG-KRS

MANZANO MESA LIMITED PARTNERSHIP,
GSL PROPERTIES, INC.,
MISSION ROCK RESIDENTIAL, LLC,
GUARDIAN MANAGEMENT, LLC, and
BERNALILLO COUNTY,

Defendants.

**ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT**

Defendant Guardian Management, LLC ("Guardian") states it was served on April 22, 2026, making its answer due on May 13, 2026, but "due to a miscommunication and inadvertent calendaring error, counsel for [Guardian] mistakenly believed Defendant's answer was due on May 15, 2026." Motion to Set Aside Entry of Default at 1, Doc. 47, filed May 19, 2026 ("Motion").

On May 14, 2026, *pro se* Plaintiff requested the Clerk to enter default against Guardian. *See* Doc. 41. The Clerk entered default as to Guardian on May 18, 2026. *See* Doc. 42.

Guardian filed its Answer on May 18, 2026, Doc. 43, and now asks the Court to set aside the Entry of Default on the grounds the delay was result of an inadvertent calendaring error not a willful default, Guardian filed the Answer shortly after the deadline, Plaintiff has not been prejudiced, and Guardian has asserted a meritorious defense that warrants adjudication on the merits. *See* Motion at 5.

Plaintiff opposes Guardian's Motion to set aside the Entry of Default stating: (i) she objects to Guardian "characterizing Plaintiff's conduct as deceptive or tactical when Plaintiff merely followed the procedural rules and relied upon the official Court docket;" and (ii) "Plaintiff remains prepared to litigate this matter on the merits." Response in Opposition at 2, Doc. 48, filed May 20, 2026.

Rule 55(c) of the Federal Rules of Civil Procedure states "the court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "In deciding whether to set aside an entry of default, courts may consider, among other things, 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Watkins v. Donnelly*, 551 Fed.Appx. 953, 958 (10th Cir. 2014) (quoting *Pinson v. Equifax Credit Info. Servs.,* 316 Fed.Appx. 744, 750 (10th Cir. 2009)).

The Court grants Guardian's Motion to set aside Entry of Default. Counsel for Guardian has asserted that: (i) the default was not willful "but was the result of a miscommunication and inadvertently calendaring the wrong deadline;" (ii) setting aside the Entry of Default will not prejudice Plaintiff because Guardian emailed its answer and its motion to dismiss to Plaintiff two days after the deadline to file and filed its answer and motion to dismiss five days after the deadline; and (iii) Guardian has presented a meritorious defense, i.e. that Plaintiff has failed to state discrimination and retaliation claims pursuant to the Fair Housing Act because she has not alleged sufficient facts to support those claims. Motion at 2-4. Plaintiff does not dispute Guardian's assertions that the default was not willful, that Plaintiff will not be prejudiced by setting aside the Entry of Default or that Guardian has presented a meritorious defense.

Guardian also filed a motion for a hearing on its Motion to Set Aside Default. *See* Doc. 51, filed May 26, 202 6. The Court denies Guardian's Motion for a hearing as moot because the Court is granting Guardian's Motion to Set Aside Entry of Default.

**IT IS ORDERED** that:

(i) Defendant Guardian Management, LLC's Motion to Set Aside Entry of Default, Doc. 47, filed May 19, 2026, is **GRANTED.**

(ii) Defendant Guardian Management, LLC's Request for Scheduling Conference, Doc. 51, filed May 22, 2026, is **DENIED as moot.**

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.