**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TEKISHA ROUSSEAUX CASTELLANOS,

Plaintiff,

v. No. 1:25-cv-00910-KG-KRS

MANZANO MESA LIMITED PARTNERSHIP,
GSL PROPERTIES, INC.,
MISSION ROCK RESIDENTIAL, LLC,
GUARDIAN MANAGEMENT, LLC, and
BERNALILLO COUNTY,

Defendants.

**ORDER DENYING RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER,
ORDER DENYING MOTION TO DISMISS,
ORDER GRANTING MOTION TO FILE THIRD AMENDED COMPLAINT
AND NOTICE REGARDING SUPPLEMENTAL NOTICES**

*Pro se* Plaintiff, who is disabled, is a tenant of Manzano Mesa Apartments which is: (i) owned by Defendant Manzano Mesa Limited Partnership; and (ii) is managed by Defendant Guardian Management, LLC. *See* Federal Complaint, Doc. 1, filed September 19, 2025 ("Complaint"). Plaintiff asserted discrimination claims pursuant to the Fair Housing Act, the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act based on Defendants exposing Plaintiff and her household to unsafe housing conditions. *See* Complaint at 4. Plaintiff also asserted civil rights claims pursuant to 42 U.S.C. § 1983 stating "[b]y colluding with government actors and utilities, Defendants deprived Plaintiff of constitutional rights, including due process, equal protection, and privacy." Complaint at 4. Finally, Plaintiff asserted state law claims for breach of warranty of habitability, negligence and infliction of emotional distress. *See* Complaint at 4.

Plaintiff filed a motion for a temporary restraining order and preliminary injunction "to stop ongoing retaliation, prevent unauthorized or unsafe entries into Plaintiff's home, and compel Defendants to correct dangerous habitability and life-safety hazards that Plaintiff and her medically vulnerable family at extreme and imminent risk of harm." Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction at 1-2, Doc. 9, filed November 25, 2025.

The Court denied Plaintiff's Motion for a temporary restraining order and preliminary injunction because Plaintiff did not certify in writing any efforts made to give notice to Defendants or the reasons why notice should not be required. *See* Order, Doc. 36, filed April 20, 2026. The Court now addresses the three pending motions now before the Court.

First, Plaintiff filed a Renewed Motion for a Temporary Restraining Order and Preliminary Injunction. *See* Doc. 40, filed May 14, 2026 ("Renewed Motion"). Plaintiff states Defendants have now been served and requests, among other things, that the Court restrain Defendants from initiating or pursuing eviction proceedings. *See* Renewed Motion at 2, 5. Defendant Guardian appeared after Plaintiff filed her Renewed Motion, filed its Answer and a Motion to Dismiss but has not filed a response to the Renewed Motion for a temporary restraining order and preliminary injunction. Defendant Manzano Mesa has not appeared.

Second, Defendant Guardian Management, LLC filed a Motion to Dismiss Plaintiff's First Amended Complaint. *See* Doc. 44, filed May 18, 2026 ("Motion to Dismiss"). Guardian asserts Plaintiff has not alleged sufficient facts to state claims for discrimination and retaliation under the Fair Housing Act, and, based on the Court having previously dismissed Plaintiff's claims under the Americans with Disabilities Act, the Rehabilitation Act and 42 US.C. § 1983, "there is no jurisdiction as there is no federal question." *See* Motion to Dismiss at 3, 5. Plaintiff's untimely Response to the Motion to Dismiss does not dispute the arguments in Guardian's Motion to

Dismiss. *See* Response in Opposition to Defendants' [sic] Motion to Dismiss and Request to Defer Consideration Pending Plaintiff's Motion for Leave to Amend, Doc. 54, filed June 9, 2026 ("Response"). Plaintiff states:

> Prior to filing a substantive response to the Motion to Dismiss, Plaintiff filed a Motion for Leave to File a Third Amended Complaint . . . The proposed Third Amended Complaint attached to [Plaintiff's Motion for leave to amend] consolidates Plaintiff's allegations into a single pleading, clarifies the factual basis of the claims, narrows the issues for adjudication, and addresses matters raised by Defendants [sic] in their Motion to Dismiss.

Response at 1-2. In its Reply, Guardian, in a single paragraph, asserts that the proposed Third Amended Complaint "contains the same defects, and thus [amendment] would be futile" and gives one example regarding Plaintiff's filing of a New Mexico Human Rights Bureau ("HRB") claim and stating, without citing any supporting authority, that the filing of an HRB claim does not constitute a claim for discrimination or retaliation under the Fair Housing Act for discrimination. *See* Reply at 2.

Third, Plaintiff filed a Motion for Leave to File a Third Amended Complaint. *See* Doc. 52, filed May 26, 2026 ("Motion for Leave to Amend"). Guardian filed a two-paragraph Response to Plaintiff's Motion for Leave to Amend stating:

> Defendant does not take a position as to Plaintiff's request to file the proposed third Amended Complaint and defers to the Court. However, Defendant maintains that its Motion to Dismiss is still appli[c]able to the Third Amended Complaint and reserves its right to file any appropriate responsive pleadings, including motions to dismiss, if the Plaintiff's Motion [for Leave to Amend] is granted by this Court.

Response, Doc. 53, filed June 9, 2026.

The Court denies Plaintiff's Motion for a temporary restraining order and a preliminary injunction. To obtain a preliminary injunctions, Plaintiff "must make a clear and unequivocal showing" that, among other things, Plaintiff "is substantially likely to succeed on the merits." *Colorado v. U.S. Environmental Protection Agency*, 989 F.3d 874,

883-84 (10th Cir. 2021). Plaintiff did not dispute Guardian's arguments that Plaintiff's First Amended Complaint failed to state claims pursuant to federal law.

The Court grants Plaintiff's Motion to file a third amended complaint. First, Guardian did not oppose Plaintiff's Motion to file a third amended complaint stating that it "does not take a position" on the Motion. Second, Guardian's vague statement that its Motion to Dismiss the First Amended Complaint is applicable to the proposed third amended complaint is not sufficient. Guardian's Motion to Dismiss relied on the Court's dismissal of several federal law claims in the First Amended Complaint. The Court's dismissal of those claims was without prejudice. Guardian has not shown that the proposed third amended complaint fails to state claims for the previously dismissed claims. The Court will not, in the absence of briefing by the parties, review the proposed third amended complaint to determine whether it states plausible claims. *See Alejandre-Gallegos v. Holder*, 598 Fed.Appx. 604, 605 (10th Cir. 2015) ("In our adversarial system, neutral and busy courts rely on lawyers to develop and present in an intelligible format the facts and law to support their arguments and the adversarial process cannot properly function when one party ignores its obligations under the rules"); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("we, like the district courts, have a limited and neutral role in the adversarial process, and are wary of becoming advocates who comb the record of previously available evidence and make a party's case for it").

The Court denies Guardian's Motion to Dismiss Plaintiff's First Amended Complaint because the Court is granting Plaintiff's Motion for leave to file a third amended complaint. *See Tufaro v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, 107 F.4th 1121, 1137 (10th Cir. 2024) ("an amended complaint supersedes a prior complaint and renders it of no legal effect").

Finally, Plaintiff has filed 14 supplemental documents requesting the Court to take notice of the information in and attached to the documents. *See* Doc's 20-24, 30, 33-35, 62, 64-67, filed January 20, 2026 through September 10, 2026. Some of the documents request that the Court take the information "into consideration in addressing the pending motions and in managing this litigation." Doc. 60, filed July 20, 2026. The Court will not accommodate Plaintiff's vague requests to consider the additional information; Plaintiff must explain, preferably in an amended motion or response, why the additional information supports her arguments. *See Biogenics, Inc. v. Kazen*, 6 Fed.Appx. 689, 692 (10th Cir. 2001) ("Despite the liberal construction afforded pro se litigants, the court will not construct arguments or theories for a pro se litigant"). The Court reminds Plaintiff that the Court and the parties have an obligation to secure the just, speedy and inexpensive determination of this case. *See* Fed. R. Civ. P. 1 (the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"); Fed. R. Civ. P. 11 (by filing a document with the Court, attorneys and unrepresented parties certify that the documents "is not being presented for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation"). While documents containing supplemental information supporting a motion or response may sometimes be warranted, documents that are not necessary or justified increase the costs of and delay the determination of this case and may result in sanctions including filing restrictions and dismissal of this case. *See Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**IT IS ORDERED** that:

(i) Plaintiff's Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 40, filed May 14, 2026, is **DENIED.**

(ii) Plaintiff's Motion for Leave to File a Third Amended Complaint, Doc. 52, filed May 26, 2026, is **GRANTED.** Plaintiff must file her third amended complaint within 21 days of entry of this order.

(iii) Defendant Guardian Management, LLC's Motion to Dismiss Plaintiff's First Amended Complaint, Doc. 44, filed May 18, 2026, is **DENIED.** Defendant Guardian's motion to dismiss Plaintiff's third amended complaint is due within 21 days of service of Plaintiff's third amended complaint.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.