**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TEKISHA ROUSSEAUX CASTELLANOS,

Plaintiff,

v. No. 1:25-cv-00910-KG-KRS

MANZANO MESA LIMITED PARTNERSHIP,
GSL PROPERTIES, INC.,
MISSION ROCK RESIDENTIAL, LLC,
GUARDIAN MANAGEMENT, LLC, and
BERNALILLO COUNTY,

Defendants.

**ORDER STRIKING THIRD AMENDED COMPLAINT,**
**ORDER FOR FOURTH AMENDED COMPLAINT AND**
**ORDER DENYING RENEWED MOTION FOR TEMPORARY RESTRAINING ORDER**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Third Amended Complaint, Doc. 70, filed October 13, 2026, and Plaintiff's Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 71, filed October 30, 2026 ("Motion").

This case arises from alleged disability discrimination and retaliation and the conditions of Plaintiff's rented apartment in which she resides with her adult daughter and Plaintiff's minor grandson. *See* First Amended Complaint at 1-3, Doc. 6, filed October 23, 2025 (asserting claims pursuant to the Fair Housing Act, 42 U.S.C. § 3601 et seq., the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and the Rehabilitation Act, 29 U.S.C. § 794). Plaintiff, her daughter and her grandson have health issues. *See* First Amended Complaint at 3. Defendants Manzano Mesa Limited Partnership and Guardian Management LLC are the owners and property managers of Plaintiff's federally assisted apartment complex. *See* First Amended Complaint at 3. Defendant Bernalillo County is responsible for oversight of the local housing authority and its administration of federally funded housing programs. *See* First Amended Complaint at 3.

The First Amended Complaint remains the operative complaint in this case because the Court has struck the Second Amended Complaint and, in this Order, is striking the Third Amended Complaint. *See* Order Striking Second Amended Complaint, Doc. 36, filed April 20, 2026. Counsel has appeared on behalf of Defendant Guardian Management, LLC. *See* Doc. 45, filed May 19, 2026; Doc. 63, filed August 17, 2026. The remaining Defendants have not yet appeared in this case.

The Court strikes Plaintiff's Third Amended Complaint and denies Plaintiff's Renewed Motion for a temporary restraining order pursuant to its obligation to administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action" and its "inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" Fed. R. Civ. P. 1; *Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)). The lengthy, single-spaced Third Amended Complaint, which does not comply with the Court's Local Rules, makes the Court's task much more difficult than necessary. Plaintiff's Renewed Motion for a temporary restraining order and preliminary injunction does not comply with Rule 65's requirement that Plaintiff file a verified complaint or affidavit containing specific facts that clearly show immediate and irreparable harm will result to Plaintiff before the adverse parties can be heard in opposition.

**Order Striking Third Amended Complaint and Order for Fourth Amended Complaint**

Plaintiff's recently filed 72-page Third Amended Complaint contains 448 single-spaced paragraphs. The Court strikes the Third Amended Complaint because it does not comply with the Court's Local Rule of Civil Procedure 10.1 which states: "Except for footnotes and quotations, the text of all documents must be double spaced." D.N.M.LR-Civ. 10.1; *see Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) (a [c]ourt may choose to strike a filing that is not allowed by local rule").

The Court orders Plaintiff to file a fourth amended complaint not exceeding double-spaced 50 pages. The fourth amended complaint must comply with the Federal and Local Rules of Civil Procedure.

"[T]his court has long recognized that defendants are prejudiced by having to respond to pleadings [that are] wordy and unwieldy," and "judges ... have their task made immeasurably more difficult by pleadings [that are] rambling...." *United States v. Celio*, 388 Fed.Appx. 758, 761 (10th Cir. 2010) (quoting *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1162-63 (10th Cir. 2007)). "Courts have 'obligations to *pro se* litigants' to provide 'some modest additional explanation' regarding the format of filings because they 'are not expected to understand what recitations are legally essential and which are superfluous.'" *Id.* The Court provides the following explanation regarding the fourth amended complaint.

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The fourth amended complaint "must explain what each defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) (emphasis added). It is helpful if a complaint includes a section for each defendant that sets forth the factual allegations regarding that defendant.

> We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162. A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations

> that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) (footnote omitted).

**Order Denying Renewed Motion for Temporary Restraining Order**

Plaintiff seeks a temporary restraining order and preliminary injunction requiring, among other things, Defendants to: (i) provide medically appropriate interim housing pending an independent safety evaluation; (ii) clean Plaintiff's personal property or provide clean replacements; (iii) limit rent collection; (iv) have licensed professionals promptly conduct independent testing; and (v) preserve records. *See* Motion at 16-19.

"The court may issue a temporary restraining order without written or oral notice to the adverse party only if [] specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition . . ." Fed. R. Civ. P. 65(b)(1). Plaintiff certifies that she served a copy of her motion and exhibits on Defendants. *See* Motion at 21. Plaintiff attached a Declaration to her Motion. *See* Declaration, Motion at 22-27.

Plaintiff's Declaration identifies the following issues with Plaintiff's residence:

(i) Recurring dust in the residence. Plaintiff states that a lab sample indicated quartz, binder, and carbonate and that "I do not personally assert that this report measured respirable airborne silica or chemically identified every deposit in the apartment."

(ii) After HVAC replacement, Plaintiff observed a reattached rectangular ceiling panel with visible seams or edges but states she does "not know whether those seams constitute a code violation or whether air travels through them.

(iii) After an alarm on Plaintiff's daughter's oxygen concentrator, Plaintiff observed a pale material on and inside intake/filter areas of the equipment but states "I have not obtained laboratory identification of that material and cannot testify that it caused the alarm."

(iv) Inadequate and inconsistent hot water in bathroom fixtures.

(v) An apparent interaction between flushing one toilet and flow at another shower, along with a recurrent sewage-like odor. Plaintiff filed a request which the tenant portal later showed as completed.

(vi) Water-use sounds that seemed to come from the direction of another apartment, followed by sounds Plaintiff associated with operation of her own water heater. Plaintiff stated she did not see the plumbing connections and cannot determine from the sounds whether the other unit uses my water heater.

(vii) Irregular operation of electrical items and appliances and high electricity bills. Plaintiff states she raised cross-wiring concerns but requests professional circuit testing rather than claiming that the bills alone prove cross-wiring.

(viii) Elevated indoor temperatures when Plaintiff did not operate the heater.

Motion at 22-25.

The Court denies Plaintiff's Motion for a temporary restraining order and preliminary injunction because her Declaration does not contain specific facts showing that immediate and irreparable injury, loss or damage will result to Plaintiff before Defendants can be heard.

> To merit preliminary injunctive relief, a movant must present a "significant risk" it "will experience harm that cannot be compensated after the fact by money

> damages." *Id.* at 1250 (quoting *Fish*, 840 F.3d at 751–52). That harm "must be both certain and great," not "merely serious or substantial." *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001).
>
> And a speculative or theoretical injury will not suffice. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009). The injury must also be "of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm." *Schrier v. Univ. of Co.*, 427 F.3d 1253, 1267 (10th Cir. 2005) (quoting *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003)). If the harm is not "likely to occur before the district court rules on the merits," there is no need for preliminary injunctive relief. *New Mexico Dep't of Game & Fish*, 854 F.3d at 1250 (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1260 (10th Cir. 2003)).

*State v. U.S. Environmental Protection Agency*, 989 F.3d 874, 884 (10th Cir. 2021); *Colorado v. U.S. Environmental Protection Agency*, 989 F.3d 874, 883-84 (10th Cir. 2021) ("Because a preliminary injunction is an 'extraordinary remedy never awarded as of right,' the movant must make a clear and unequivocal showing it is entitled to such relief") (quoting *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008)).

The facts in Plaintiff's Declaration show that there are issues, "dating back to 2024," regarding dust, the availability of hot water, the plumbing, electricity costs and the temperature of the apartment. Motion at 23. Plaintiff states *in her Motion* that:

> The primary emergency concern is the continued safety of a household that includes an adult dependent upon prescribed continuous oxygen and respiratory-support equipment and a child with disability-related needs. Plaintiff seeks medically appropriate, furnished temporary lodging if warranted by the evidence; prompt qualified evaluation of recurrent particulate deposits, electrical, plumbing, how-water, HVAC, and ventilation conditions; reasonable safeguards for affected belongings and necessary equipment; and protection against improper displacement.

Motion at 2. There are, however, no facts in Plaintiff's Declaration showing that any of the issues, which date back to 2024, will cause immediate irreparable harm before the Court rules on the merits.

The Court cannot consider the facts in: (i) the First Amended Complaint, which is the operative complaint in this case, because the First Amended Complaint is not verified as required by Rule 65(b)(1)(A); (ii) the Second Amended Complaint because the Court has struck the Second Amended Complaint; and (iii) the Third Amended Complaint because the Court is striking Plaintiff's Third Amended Complaint *See Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) ("When courts strike a filing as improperly filed, it becomes a nullity").

**IT IS ORDERED** that:

(i) The Clerk of Court shall **STRIKE** Plaintiff's Third Amended Complaint, Doc. 70, filed October 13, 2026.

(ii) Plaintiff shall, within 21 days of entry of this Order, file a fourth amended complaint. Failure to timely file a fourth amended complaint may result in dismissal of this case.

(iii) Plaintiff's Renewed Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 71, filed October 30, 2026, is **DENIED.**

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.